L. W. GAMMONS v. LARS O. HONERUD.[1]

January 15, 1901.

Nos. 12,442—(198).

Attorney—Barratrous Contract.

> *Held,* following Gammons v. Gulbranson, 78 Minn. 21, that the trial
> court in this case did not err in directing a verdict for the defendant.

Appeal by plaintiff from an order of the district court for Otter
Tail county, Baxter, J., denying a motion for a new trial. Af-
firmed.

*F. W. Booth* and *L. W. Gammons,* for appellant.

*J. W. Mason,* for respondent.

PER CURIAM.

The plaintiff brought this action to recover for his services as
a lawyer, rendered to the defendant in a suit brought by him
against the Great Northern Railway Company for damages for
failure to fence its right of way through his farm. The defense
was the same as in the case of Gammons v. Gulbranson, 78 Minn.
21, 80 N. W. 779. At the close of the evidence the trial court in-
structed the jury to return a verdict for the defendant, and the
plaintiff appealed from an order denying his motion for a new
trial.

The first five assignments of error challenge the correctness of
the court's rulings as to the admission of certain evidence on the
trial. The questions as to which the first three are directed were
proper on the cross-examination of the plaintiff. The fourth re-
lates to the action of the court in overruling the plaintiff's objec-
tion to a question to the defendant, and the answer thereto, to the
effect that he would not have commenced any action against the
railway company if he had not been solicited so to do by the agent,
who procured from him a contract as to the prosecution of such
action. This was competent and material as a circumstance tend-
ing, in some degree, to establish the allegations of the answer

[1] Reported in 84 N. W. 911.

with reference to the speculative character of the litigation. The fifth assignment of error is to the effect that the trial court erred in refusing to strike out the testimony of a witness, who had given it in response to questions to which no objections were made. The motion to strike out the evidence was addressed to the discretion of the trial court. Dunnell, Trial Book, § 393. The court did not abuse its discretion in refusing to strike out the evidence.

The real question in this case is whether the trial court erred in directing the jury to return a verdict for the defendant. This case, in its essential facts, and the evidence to establish them, is in all substantial particulars identical with the case of Gammons v. Gulbranson, supra, in which this court held that the evidence was conclusive that the plaintiff was a party to the scheme alleged in the answer, and that, as a matter of law, he could not recover for his services. The plaintiff, however, urges, with justifiable earnestness, that a mistake was made in the former decision, and that it ought not to be followed. We have attentively considered the record in this case and in the Gulbranson case, and have reached the conclusion that the two cases cannot be distinguished, and that the former decision should be followed in this case. It follows that the trial court did not err in directing a verdict for the defendant.

Order affirmed.